IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. SUSAN M. KEGERISE,<br>Plaintiff | : : : | |
| vs. | : : | CIVIL NO. 1:CV-14-0747 |
| SUSQUEHANNA TOWNSHIP<br>SCHOOL DISTRICT, et al.<br>Defendants | : : : : | (Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

Plaintiff is Dr. Susan M. Kegerise, the former superintendent of the Susquehanna Township School District.  The defendants are the School District and three members of the District's School Board, Carol L. Karl, Jesse Rawls, Sr., and Mark Y. Sussman.  Plaintiff filed this lawsuit seeking redress after the Board discharged her as superintendent.[1]

We are considering Defendants' motion under Fed. R. Civ. P. 12(b)(6) to dismiss three claims presented in the third amended complaint: (1) a claim that Plaintiff's discharge was in retaliation for her intended invocation of her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654; (2) a claim under Title VII that her discharge was racially motivated; and (3) a claim under Title VII that her discharge was based on her gender.

---

[1] Defendants assert Plaintiff resigned.  We will accept Plaintiff's characterization of the end of her employment for the purpose of this memorandum.

II. *Procedural History*

In an amended complaint, Plaintiff asserted ten causes of action. In Count I, she made a claim against the Board for "constructive termination" on the grounds that the conduct of the Board and its members, both in harassing her and in taking over her duties, prevented her from doing her job, resulting in her constructive discharge without notice or a hearing. In Count II, she made a claim against the Board, Karl, Rawls and Sussman for violation of due process on the ground that her constructive termination was done without notice or a hearing. In Count III, she made a breach-of-contract claim against the Board for constructive termination of her employment without the notice and hearing required by her contract. In Count IV, she made a claim against Karl, Rawls, and Sussman for tortious interference with contract. In Count V, she made a claim against Rawls for defamation based on his statement that she had engaged in nepotism by hiring an unqualified niece. In Count VI, she made a claim against Karl and Rawls for intentional infliction of emotional distress. In Count VII, she made a state-law claim against Rawls and Sussman for wrongful use of civil proceedings for their filing of *Rawls v. Susquehanna Township School Board of Directors,* No. 1:13–CV–2867 (M.D. Pa.). In Count VIII, she made a claim against the District for retaliatory termination in violation of the FMLA. In Count IX, she made a claim under the First Amendment against the District, Karl, Rawls, and Sussman for termination in retaliation for the filing of this lawsuit. In her second Count IX (and her tenth cause of action), she made a claim under

the Pennsylvania Constitution, Pa. Const. art 1, § 20, against the District, Karl, Rawls, and Sussman duplicating her First Amendment claim.

Defendants moved to dismiss all of the claims. In a memorandum and order of January 7, 2015, we decided as follows. We allowed the following counts to proceed: Counts II, III, IV, VII, IX and the second Count IX. We dismissed the following counts: Counts I, V, VI and VIII and granted leave to amend only Count VIII, the FMLA retaliation claim. *See Kegerise v. Susquehanna Township School District*, 2015 WL 106528, at *18 (M.D. Pa. Jan. 7, 2015).

Plaintiff filed a second amended complaint. By stipulation of the parties approved by the court, Plaintiff filed a third amended complaint. The third amended complaint realleged the claims that survived the motion to dismiss, amended the FMLA claim, and added the following two Title VII claims. In Count XI, she sued all the defendants under Title VII, alleging that her discharge was racially motivated. In Count XII, she sued all the defendants under Title VII, alleging that her discharge was based on her gender. Defendants then filed their motion to dismiss, directed at the amended FMLA claim and the two new Title VII claims.

III. *Standard of Review*

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss under Rule 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading

of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, the complaint still has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

The court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, and indisputably authentic documents. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

IV. *Discussion*

        A. *Plaintiff's FMLA Retaliation Claim Survives
           the Motion to Dismiss*

FMLA regulations prohibit an employer from retaliating against an employee "for having exercised or attempted to exercise FMLA rights." *Budhun v. Reading Hosp. &*

-4-

*Med. Ctr.,* 765 F.3d 245, 256 (3d Cir. 2014)(quoting 29 C.F.R § 825.220(c)).  To succeed on a FMLA retaliation claim, Plaintiff must show that "'(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights.'"  *Id.* (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.,* 691 F.3d 294, 302 (3d Cir. 2012)).

We had dismissed the FMLA claim because Plaintiff had failed to allege the first element of the claim, that she invoked her right to FMLA leave.  2015 WL 106528, at *16.  Defendants move to dismiss the amended claim by arguing that Plaintiff again fails to allege the first element of the claim and that the added allegations are not sufficient to cure the defect.

We recite the allegations pertinent to the claim.  We reiterate some that appeared in the Amended Compaint.  "Dr. Kegerise was on leave from her position since March 24, 2014, due to medical reasons."  (Doc. 39, Third Am. Compl. ¶¶ 94 and 160).  On April 16, 2014, an attorney for the Board sent Plaintiff's counsel a letter stating that Plaintiff "still was the Superintendent of the School District and was simply on leave pursuant to a Doctor's note."  (*Id.* ¶¶ 95 and 162; Doc. 39-14, ECF p. 1, Ex. N to Third Am. Compl., the April 16, 2014, letter).  The letter also noted that Plaintiff had been sent FMLA "Paperwork for completion due to her qualifying condition."  (Third Am. Compl. ¶¶ 96 and 163).  "On April 21, 2014, the Board, as a last minute addition to the agenda halfway through the board meeting, voted to approve the acceptance of Plaintiff's

"'Resignation.'"  (*Id.* ¶¶ 99 and 165).  Plaintiff never tendered a resignation.  (*Id.* ¶¶ 101 and 166).

In her Third Amended Complaint, Plaintiff added the following allegations:

   164.  Pursuant to [School District] practice, it was known to all parties that Plaintiff would exhaust sick leave prior to taking FMLA leave time.

   . . . .

   167.  Defendants wrongfully terminated Plaintiff's employment knowing she would soon be taking FMLA leave.

(*Id.* ¶¶ 164 and 167).

Defendants argue these allegations are insufficient to show that Plaintiff invoked her right to FMLA leave as they establish only that the School District had a policy that employees would exhaust their sick leave before taking FMLA leave and not that she affirmatively asked for FMLA leave.  They also argue that Plaintiff "had many days of sick leave accrued and available" at the time her employment ended, implying that Plaintiff would not have been applying for FMLA leave for quite some time.  (Doc. 41, Supp'n Br. at ECF p. 13).  In opposition, Plaintiff contends that the allegations are sufficient because they show the District knew that she was going to take FMLA leave as soon as her sick leave expired; indeed, the Board sent her FMLA paperwork to complete.  As Plaintiff also argues: the Board "in effect took adverse employment action by terminating Plaintiff's employment at precisely the time she was intent upon and attempting to take FMLA leave . . . ."  (Doc. 42, Opp'n Br. at ECF p. 18).

Contrary to Plaintiff's position, the Third Amended Complaint does not allege Plaintiff had attempted to take FMLA leave. Nor in the circumstances of this case is it significant that the Board sent Plaintiff FMLA forms to complete. Those forms were sent by letter dated April 16, 2014. (Doc. 39-14, ECF pp. 1-2, Ex. N to the Third Am. Compl.). That letter noted Plaintiff was out on sick leave and that the School District would "continue to debit her sick leave time . . . ." (*Id.*, ECF p. 2). In regard to Plaintiff's FMLA forms, they were sent as an obligation imposed by the FMLA, (*id.*, ECF p. 1), thus distinguishing this case from *Budhun*, where the forms were sent in connection with the employee's invocation of FMLA rights. 765 F.3d at 248, 256.

The only reasonable inferences from the allegations are that Plaintiff was on sick leave, that she was going to take FMLA leave soon, after her sick leave expired, that the Board knew this, but that she had not yet notified the Board that she intended to take FMLA leave. So the issue is whether Plaintiff can assert a FMLA retaliation claim when the Board terminated her knowing she was going to ask for FMLA leave but had not yet done so.

These allegations do not state a FMLA retaliation claim if such a claim requires an allegation that the plaintiff actually invoked her right to FMLA leave, there being no such allegation here. However, the claim could possibly proceed as a preemptive or anticipatory retaliation claim. *See, e.g., Sauers v. Salt Lake County*, 1 F.3d 1122, 1128 (10th Cir. 1992)(entertaining a preemptive retaliation claim under Title VII, stating that "[a]ction taken against an individual in anticipation of that person

engaging in protected opposition to discrimination is no less retaliatory than action taken after the fact"); *Romero v. Allstate Ins. Co.*, 3 F. Supp. 3d 313, 333-34 (E.D. Pa. 2014)(discussing cases dealing with anticipatory or preemptive retaliation).  Plaintiff has not briefed the issue, but since Defendants have the burden of showing that Plaintiff cannot state a meritorious claim, we decline to dismiss the claim.

> B.  *Plaintiff Fails to Allege a Title VII Claim Based
>     on Racial Discrimination in Her Discharge*

Plaintiff makes a claim that her discharge was racially motivated.  Defendants move to dismiss this claim, arguing that Plaintiff's allegations do not support it.

Title VII prohibits discrimination in employment because of race.  42 U.S.C. § 2000e-2(a)(1).  Plaintiff is white.  Both parties agree that the sufficiency of Plaintiff's claim can be evaluated using the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for establishing a prima facie case of employment discrimination.  The plaintiff establishes a prima facie case by showing: "(1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position that [s]he sought to retain; (3) the plaintiff suffered an adverse employment action, e.g., the termination of [her] employment; and (4) the adverse employment action occurred under circumstances that could give rise to an inference of intentional discrimination."  *Greene v. Virgin Islands Water & Power Auth.*, 557 F. App'x 189, 195 (3d Cir. 2014)(nonprecedential)(brackets added).

Defendants challenge only the sufficiency of the allegations supporting the fourth element. Defendants contend there are no allegations that the discharge occurred under circumstances giving rise to an inference of intentional discrimination. In fact, the allegations support the inference that race played no part in Plaintiff's discharge. On the latter position, they point to Plaintiff's allegations she was replaced as superintendent, first by Dr. Jeffrey Miller, and then by Richard Daubert (as an interim superintendent), who she alleges are "Caucasian" males. (Doc. 39, Third Am. Compl. ¶¶ 192-93). In other words, Plaintiff has pled she was replaced by members of the protected class when employment-discrimination plaintiffs try to show the opposite, that similarly situated comparators who are *not* members of the protected class were treated more favorably. *See McSparran v. Pennsylvania*, No. 13-CV-1932, 2014 WL 1371594, at \*8 (M.D. Pa. April 8, 2014)(Caldwell, J.).

Additionally, Defendants recognize that Plaintiff makes numerous allegations concerning remarks made by defendant Rawls, but rely on our earlier ruling in dismissing Plaintiff's constructive-discharge claim that, while the remarks show intentional discrimination, they show it only on behalf of Rawls, not on the rest of the nine-member Board, so that Rawls's remarks could not support the inference that Plaintiff's discharge was based on discrimination. 2015 WL 106528, at \*9.

In opposing Defendants' motion, Plaintiff relies on the many allegations of racial animus by defendant Rawls set forth at paragraphs 34-37, 39-43, 48, 57, 59, 184-

-9-

85, 187-89, 190-91 in the Third Amended Complaint.  Plaintiff argues these allegations show that her discharge was racially motivated.

We disagree with Plaintiff.  These allegations of racial animus by Rawls are the same ones alleged in Plaintiff's Amended Complaint.  We examined all of them when we dismissed Plaintiff's constructive discharge claim and concluded, as Defendants point out, that they do not support an inference of discrimination in her discharge because they would have represented the views of only one member of the Board.[2]  2015 WL 106528, at *9.

Plaintiff also argues she has sufficiently averred the element of discrimination because the allegations show that Rawls's remarks were made in the presence of the other Board members or that they knew about the remarks, but they "failed to act to address and ameliorate the racial discrimination perpetuated by Defendant Rawls against Dr. Kegerise as a district employee."  (Doc. 42, Opp'n Br. at ECF p. 20).  This argument is irrelevant to the claim Plaintiff makes, that she was wrongfully discharged by the Board; Rawls still only had one vote.

We will therefore dismiss the Title VII claim based on racial discrimination.

---

[2] For the most part, the allegations have been set forth in the Background section of the January 7 memorandum.  2015 WL 106528, at *1-7.  We thus see no need to repeat them here.  We also observe that paragraphs 37 and 48 are allegations about Rawls but do not allege any racial animus by Rawls, that paragraphs 187, 188, and 189 are identical to paragraphs 34, 40, and 41, and that paragraphs 190 and 191 are not allegations about Rawls.

### C. *Plaintiff's Title VII Claim Based on Gender Discrimination Survives the Motion to Dismiss*

Plaintiff makes a claim that her discharge was based on her gender. Defendants move to dismiss this claim, arguing that Plaintiff's allegations do not support it.

Title VII prohibits discrimination in employment because of sex. 42 U.S.C. § 2000e-2(a)(1). Both parties agree on the analysis of this claim; it is the same as the analysis for the racial discrimination claim above except the protected class is women. Thus, as above, the plaintiff establishes a prima facie case by showing: "(1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position that [s]he sought to retain; (3) the plaintiff suffered an adverse employment action, e.g., the termination of [her] employment; and (4) the adverse employment action occurred under circumstances that could give rise to an inference of intentional discrimination." *Greene, supra,* 557 F. App'x at 195 (brackets added).

In moving to dismiss this claim, Defendants again argue that Plaintiff fails to make sufficient allegations supporting the fourth element, that the discharge occurred under circumstances giving rise to an inference of intentional discrimination. As they argued above, they contend that Plaintiff cannot rely upon the allegations concerning Rawls's remarks because we concluded in the January 7 memorandum, just as we did in regard to racial discrimination, that Rawls's remarks could not support the inference that Plaintiff's discharge was based on gender discrimination. 2015 WL 106528, at *9.

Defendants next argue that while Plaintiff alleges she was replaced by a (white) male, which would support a claim of gender discrimination, this allegation does not assist Plaintiff as she also alleges that the District has a merit-selection system for choosing employees, (Doc. 39, Third Amended Complaint ¶¶ 181-83), and has not alleged that this system was not followed when she was replaced.

In opposing Defendants' motion, Plaintiff relies on the allegations of gender discrimination, mainly by defendant Rawls, supposedly set forth in paragraphs 34, 36-37, 40, 42-43, 57, 59, 69, 70, 77-78, 192-93, 197-99 in the Third Amended Complaint. Plaintiff argues these allegations show that her discharge was based on gender.

We disagree with Plaintiff. These allegations of discrimination, mainly by Rawls, are essentially the same ones alleged in Plaintiff's Amended Complaint. We examined them in material part when we dismissed Plaintiff's constructive discharge claim and concluded, as Defendants point out, that they do not support an inference of discrimination in her discharge because they would have represented the views of only one member of the Board.[3]  2015 WL 106528, at *9.

As she argued above, Plaintiff contends she has sufficiently averred the element of discrimination because the allegations show that Rawls's remarks were made in the presence of the other Board members or that they knew about the remarks, but

---

[3] For the most part, the allegations have been set forth in the Background section of the January 7 memorandum. 2015 WL 106528, at *1-7. We thus see no need to repeat them here. And paragraphs 192 and 193 have been set forth above. We also observe that paragraphs 34, 37, 40, 57, 69, 70, 77, and 78 do not bear on gender discrimination and that paragraphs 197, 198 and 199 are identical to paragraphs 42, 43, and 192.

-12-

they "failed to act to address and ameliorate the unlawful sex discrimination perpetuated by Defendant Rawls against Dr. Kegerise as a district employee." (Doc. 42, Opp'n Br. at ECF p. 22). This argument is irrelevant to the claim Plaintiff makes, that she was wrongfully discharged by the Board; Rawls still only had one vote.

However, we agree with Plaintiff's last argument, that her allegations that she was replaced by two (white) males is sufficient to carry her claim past the pleading stage. As noted above, comparator evidence is a way a plaintiff can satisfy the fourth element. *See McSparran v. Pennsylvania*, No. 13-CV-1932, 2014 WL 1371594, at *8 (M.D. Pa. April 8, 2014)(Caldwell, J.).

IV. *Conclusion*

Our analysis means that, in addition to the claims noted above that survived Defendants' motion to dismiss the Amended Complaint, Plaintiff may pursue two more claims: (1) a FMLA retaliation claim and (2) a Title VII claim for gender discrimination in her discharge. Plaintiff's Title VII claim based on racial discrimination will be dismissed. Further, no leave will be granted to amend the latter claim as any amendment would be futile, *see Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008), the Plaintiff having already filed four pleadings.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 13, 2015