IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. SUSAN M. KEGERISE,<br>Plaintiff | : | |
| vs. | : | CIVIL NO. 1:CV-14-0747 |
| SUSQUEHANNA TOWNSHIP<br>SCHOOL DISTRICT, et al.<br>Defendants | : | (Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

Plaintiff is Dr. Susan M. Kegerise, the former superintendent of the Susquehanna Township School District. The defendants are the School District and three members of the District's School Board, Carol L. Karl, Jesse Rawls, Sr., and Mark Y. Sussman. Plaintiff filed this lawsuit seeking redress mainly for her alleged discharge as superintendent, which she asserts was improper.

We are considering the following: (1) Plaintiff's application for a default judgment; and (2) Defendants' motion for permission to file their answer to the third amended complaint nunc pro tunc. For the reasons that follow, we will deny Plaintiff's application and grant Defendants' motion.

II. *Background*

Plaintiff initiated this action by filing the original complaint. She then filed an amended complaint as of right, asserting ten causes of action. Defendants moved to

dismiss all of the claims. In a memorandum and order of January 7, 2015, we dismissed some of the claims and granted leave to amend one of the dismissed claims, a retaliation claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654. *See Kegerise v. Susquehanna Township School District*, 2015 WL 106528, at *18 (M.D. Pa. Jan. 7, 2015). Plaintiff filed a Second Amended complaint. By stipulation of the parties approved by the court, Plaintiff filed a third amended complaint on February 27, 2015. Defendants moved to dismiss the FMLA claim and two new claims presented for the first time in the third amended complaint, the new claims being Title VII claims that her discharge was based on her race and gender. By memorandum and order, filed July 13, 2015, we denied the motion as to the FMLA claim and the gender-based Title VII claim but granted it as to the Title VII race-based claim. *Kegerise v. Susquehanna Township School District*, 2015 WL 4232534, at *6 (M.D. Pa. July 13, 2015). We did not grant leave to amend, specifically noting in the "Conclusion" section of the memorandum that we would not allow Plaintiff to do so. *Id.*

On August 6, 2015, Plaintiff filed her application for a default judgment. The application noted that Defendants had not filed a timely answer to the third amended complaint. It requested that we hold a hearing to ascertain Plaintiff's damages and then enter a default judgment against Defendants. On the same day, and as the next docket entry, Defendants filed their answer. The next day, August 7, Defendants filed their motion for permission to file their answer nunc pro tunc.

III. *Discussion*

Defendants' answer was filed late. Under Fed. R. Civ. P. 12(a)(4)(A), the answer had to be filed within fourteen days after Defendants received notice of the court's disposition of their motion to dismiss.[1] Since we disposed of the motion on July 13, 2015, the deadline for filing was July 27, 2015, making the answer ten days late when it was filed on August 6, 2015.

"[T]he filing of a late answer is analogous to a motion to vacate a default . . . ." *United States Small Business Administration v. Stefansky*, No. 08-CV-1967, 2009 WL 1372410, at *2 (D.N.J. May 15, 2009)(quoted case omitted). We will therefore resolve the parties' filings by applying the test used to decide whether a default should be vacated, which is the test the parties are using in any event.

> A court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c). We have identified three factors a district court must consider in denying a motion to set aside a default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in United States Currency,* 728 F.2d 192, 195 (3d Cir. 1984).

*World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012)(nonprecedential). "Entry of default is generally disfavored and [the Third Circuit] ha[s] long indicated [its]

---

[1] In pertinent part, Rule 12(a)(4)(A) provides that when a motion to dismiss has been filed, "[u]nless the court sets a different time" . . . "if the court denies the motion . . . the responsive pleading must be served within 14 days after notice of the court's action . . ." On its face, the Rule does not seem to cover the situation here because the motion was denied only in part. The Rule has nonetheless been applied in this context. *See Walsh v. Krantz*, No. 07-CV-616, 2008 WL 4104543 (M.D. Pa. Sept. 2, 2008); *Traxler v. Mifflin Cnty. Sch. Dist.*, No. 07-CV-1275, 2008 WL 2697326 (M.D. Pa. July 3, 2008).

-3-

strong preference that cases be decided on the merits." *Ruhle v. Housing Authority*, 54 F. App'x 61, 62 n.1 (3d Cir. 2002)(nonprecedential)(citing *Medunic v. Lederer,* 533 F.2d 891, 893-94 (3d Cir. 1976)).

On the first factor, Plaintiff contends that she has been prejudiced because Defendants have been unwilling to conduct discovery. Plaintiff also asserts she has been prejudiced by the passing of Linda Butler, who was a member of the School Board.

We disagree that the failure so far to undertake discovery is prejudicial to Plaintiff. Prejudice must take the form of some kind of impairment of Plaintiff's ability to litigate her action or the loss of relevant evidence. *EMCASCO Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). The fact that discovery has not yet taken place does not mean that Plaintiff's ability to litigate her action has been impaired. And we decline to find prejudice from the passing of Linda Butler since Plaintiff does not specify the relevance of any evidence she might have been able to produce. Additionally, we tend to agree with Defendants that because we have only recently closed out the pleading stage of this case, with the third amended complaint having been filed at Plaintiff's request (Doc. 37), we cannot consider Linda Butler's passing or the lack of discovery so far as having any bearing on prejudice to Plaintiff.

On the second factor, Defendants assert they have meritorious defenses to all the surviving claims as shown by the affirmative defenses they have alleged in their answer to the third amended complaint. They also refer us to their two motions to dismiss as providing additional detail on their defenses. In opposition, Plaintiff contends

-4-

in part that the allegations in Defendants' answer are insufficient because they are boilerplate and meritorious defenses must provide "specific facts beyond simple denials or conclusionary statements," quoting *United States v. $55,518.05 in United States Currency,* 728 F.2d 192, 195 (3d Cir. 1984).

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Id.* (quoted case omitted). We disagree with Plaintiff that the allegations of Defendants' answer do not establish a complete defense to the action. After the filing of four complaints, the following claims have gotten past the pleading stage: (1) a claim for violation of due process on the ground that Plaintiff's constructive termination was done without notice or a hearing; (2) a breach-of-contract claim for constructive termination of her employment without notice and hearing as required by her contract; (3) a claim for tortious interference with contract; (4) a claim against defendants Rawls and Sussman for wrongful use of civil proceedings for their filing of *Rawls v. Susquehanna Township School Board of Directors,* No. 1:13–CV–2867 (M.D. Pa.); (5) a claim against the District for retaliatory termination in violation of the FMLA; (6) a claim under the First Amendment for termination in retaliation for the filing of this lawsuit; (7) a claim under the Pennsylvania Constitution duplicating her First Amendment claim; and (8) a Title VII claim that her discharge was based on her gender. The gravamen of Plaintiff's pleadings is her discharge and can be defended against if, as Defendants allege in their answer, Plaintiff "voluntarily terminated her own employment." (Doc. 46, Answer, ECF p. 23).

The only exception is the claim for wrongful use of civil proceedings, but we will not allow that claim to dictate whether default should be entered. "Failure to establish a meritorious defense weighs heavily against setting aside the default," *World Entm't Inc., supra,* 487 F. App'x at 761; it is not necessarily determinative.

On the third factor, Defendants contend that the default was not the result of their culpable conduct but because of the inadvertence of their attorney who "was confused" about when the answer was due because the court had granted in part and denied in part Defendants' motion to dismiss the third amended complaint. (Doc. 49, ECF p. 11).[2]

We have reviewed Plaintiff's argument to the contrary and agree with Defendants that the default was not based on culpable conduct. Such conduct must be willful, or in bad faith, or part of a deliberate trial strategy. *Dambach v. United States*, 211 F. App'x 105, 109-110 (3d Cir. 2006)(nonprecedential). We are satisfied that counsel's conduct here was inadvertent and hence there is no culpable conduct. *See F.C. Intrieri Co., Inc. v. Patel*, No. 12-CV-361, 2012 WL 2052682, at *1 (M.D. Pa. June 7, 2012)(delay in filing an answer not due to culpable conduct when it arose in part from an error in calculating when the answer or a Rule 12(b) motion was due).

---

[2] As noted above, Rule 12(a)(4)(A) provides that when a motion to dismiss has been filed, "[u]nless the court sets a different time" . . . "if the court denies the motion . . . the responsive pleading must be served within 14 days after notice of the court's action . . ." Here, the motion was not simply denied but was denied in part and granted in part. Even so, we conclude the Rule still applies since the motion was, at least in part, denied and the only step left at the pleading stage was the filing of an answer.

We note that in her brief in opposition to Defendants' motion for permission to file their answer nunc pro tunc, Plaintiff argues that the motion is controlled by Fed. R. Civ. P. 6(b)(1)(B). If a deadline for performing an act has been missed, that Rule permits the court to extend the deadline upon a showing of "good cause" and "excusable neglect." Citing *Pioneer Inv. Services v. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 392, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993), where the Supreme Court stated that inadvertence in failing to meet a filing deadline does not usually constitute excusable neglect, Plaintiff contends that counsel's confusion about the deadline is not inadvertence that can constitute excusable neglect. We reject this argument. As noted above, the filing of a late answer is analogous to a motion to vacate a default so it was proper to apply the test used to decide whether a default should be vacated.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 18, 2015