IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DR. SUSAN M. KEGERISE, :
      Plaintiff :
       :
    vs. : CIVIL NO. 1:CV-14-0747
       :
SUSQUEHANNA TOWNSHIP : (Judge Caldwell)
SCHOOL DISTRICT, et al. :
      Defendants :
       :

*M E M O R A N D U M*

I. *Introduction*

Plaintiff is Dr. Susan M. Kegerise, the former superintendent of the Susquehanna Township School District. The defendants are the School District and three members of the District's School Board, Carol L. Karl, Jesse Rawls, Sr., and Mark Y. Sussman. Plaintiff filed this lawsuit mainly seeking redress for her alleged discharge as superintendent, which she asserts violated both federal and state law.

We are considering Plaintiff's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) on some of the claims set forth in Plaintiff's third amended complaint. As part of that motion, Plaintiff argues that Defendants' responses to some of the allegations in her pleading were insufficient under Fed. R. Civ. P. 8(b). Based on the claimed inadequacy of the responses, Plaintiff contends that the corresponding allegations should be deemed admitted. And once those allegations are deemed admitted, Plaintiff argues she is entitled to judgment on the pleadings on Counts II, III, IV, VIII, IX and X of her third amended complaint.

We agree with Plaintiff that, except for a few responses, the responses are insufficient. Instead of deeming Plaintiff's allegations admitted, however, we will grant Defendants an opportunity to file an amended answer curing the defects in their responses. *See Sinclair Cattle Co., Inc. v. Ward*, No. 14-CV-1144, 2015 WL 6125260, at *3 (M.D. Pa. Oct. 16, 2015)(citing Fed. R. Civ. P. 15(a)(2)); *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 447 (E.D. Pa. 1973).

II. *Discussion*

Fed. R. Civ. P. 8(b) governs how a party is to respond to a pleading. In pertinent part, the party must "admit or deny the allegations asserted against it . . . ." Rule 8(b)(1)(B). "A party that intends in good faith to deny all the allegations of a pleading . . . may do so by a general denial." Rule 8(b)(3). Otherwise, the party "must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.* "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Rule 8(b)(4). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Rule 8(b)(5). "An allegation –- other than one relating to the amount of damages –- is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Rule 8(b)(6).

> A. *Rule 8(b)(4): Denying Only Part of an Allegation Without Also Either Admitting or Denying the Rest of the Allegation*

Plaintiff contends that Defendants violated Rule 8(b)(4) in their responses to the following allegations of the third amended complaint: paragraphs 48, 55, 63, 67, 81, 84, 86, 93, 99, 150, and 199.[1] After review of the allegations, we agree with Plaintiff that Defendants' responses violated Rule 8(b)(4) by denying part of the allegation, admitting part of it, but without saying that the rest of the allegation was denied.

We will rely on one of the examples Plaintiff uses in her brief to explain what we mean. Paragraph 48 of the third amended complaint alleges as follows:

> 48. In 2013, a consensual decision was made to transfer a long time high school gym teacher and coach to a district elementary school. Believing this transfer was against the will of the teacher and discriminatory, Defendant Rawls attempted to intervene by usurping the role and judgment of the Administration. Defendant Rawls went so far as to approach the president of the teachers' union, stating the transfer should be "grieved" by the district.

(Doc. 39, Third Am. Compl. ¶ 48). Defendants' response to this allegation was as follows: "It is admitted that there was a decision to transfer a high school gym teacher to district [sic] elementary school. It is denied that Defendant Rawls attempted to intervene." (Doc. 46, Answer ¶ 48). When a party intends to deny only part of an allegation, Rule 8(b)(4) requires the party to "admit the part that is true and deny the rest." Here, Defendants intended to deny, and did deny, only part of the allegation.

---

[1] Plaintiff also argues that the response to paragraph 184 was inadequate, but we do not address paragraph 184 as it was part of a count we dismissed earlier.

While they admitted the part that was true, they did not "deny the rest" of the allegation. As Plaintiff points out, they did not deny that defendant Rawls approached the president of the teachers' union, stating the transfer should be "grieved" by the district. The responses therefore violate Rule 8(b)(4).

The responses to the other allegations mentioned above suffer from similar defects.[2] We will therefore require Defendants to file an amended answer complying with Rule 8(b)(4). Defendants need not deny any part of the allegations that were left without a response in the original answer if in fact that part should be admitted. For example, Defendants need not deny that Rawls approached the president of the teachers' union, stating the transfer should be grieved by the district, simply because it was not admitted in the original answer. Defendants must simply admit the part that is true and deny the rest so that all parts of the allegation have been either admitted or denied.

B. *Rule 8(b) Does Not Permit a Response that an Allegation Is a "Conclusion of Law" to Which No Response Is Required*

Plaintiff argues that Defendants' responses to the following allegations of the third amended complaint violated Rule 8(b): paragraphs 3, 10, 11, 20, 23, 26, 102, 119-131, 133-134, 136-138, 140, 142-143, 146-147, 149, 156-159, 167, 169-172, 174-175, 177, 196, and 199. Defendants' responses to these allegations was as follows: "This paragraph states a conclusion of law to which no response is required." Plaintiff

---

[2] We except paragraph 93, which we think was responded to adequately.

asserts the responses were improper because they neither admitted nor denied the allegations.[3]

In opposing Plaintiff's motion, Defendants argue that under Rule 8(b)(6) they are not obligated to respond to allegations that are conclusions of law. They also point out that some of the allegations are "sweeping conclusions of law" that contain no factual averments about Plaintiff's case.

Defendants' reliance on Rule 8(b)(6) is misplaced. In pertinent part, that Rule provides that when "a responsive pleading is required" an allegation is admitted if it is not denied. It is only when "a responsive pleading is not required, [that] an allegation is considered denied or avoided." Rule 8(b)(6). Here, Defendants were required to file a responsive pleading -- their answer -- to Plaintiff's third amended complaint. *See* Fed. R. Civ. P. 12(a)(1)(A). Hence, if anything, Rule 8(b)(6) would require us to deem Plaintiff's allegations admitted for failure of Defendants to deny them. *See I.H. v. Cumberland Valley Sch. Dist.*, No. 11-CV-0574, 2012 WL 2979038, at *13 (M.D. Pa. July 20, 2012); *Estate of Kean v. United States*, No. 98-CV-0176, 2008 WL 3166681, at *5 (D.V.I. Aug. 5, 2008).

Defendants are simply incorrect in contending that they could respond to conclusions of law by asserting no response is necessary.[4] Rule 8(b) permits a party

---

[3] Defendants provide additional reasons for denying the allegation in their response to paragraphs 102 and 199.

[4] Defendants are correct in characterizing the majority of the allegations as conclusions of law as most of them apply law to the facts of Plaintiff's case. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012). We give one example. Paragraph 128 of

only three ways to respond to an allegation: (1) admit it (2) deny it or (3) state that the party lacks knowledge or information sufficient to form a belief about the truth of the allegation. *See United States v. Famous Artists Corp.*, 1996 WL 114932, at * 2 n.7 (E.D. Pa.); *Clarendon Am. Ins. Co. v. All Brothers Painting, Inc.*, No. 13-CV-0934, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013); *Lane v. Page*, 272 F.R.D. 581, 603 (D.N.M. 2011). Rule 8(b) does not permit a party to refuse to respond to an allegation by asserting it is a conclusion of law. *Certain Underwriters at Lloyd's v. SSDD, LLC*, No. 13-CV-0193, 2013 WL 6801832, at *4 (E.D. Mo. Dec. 23, 2013); *Clarendon Am. Ins. Co.*, 2013 WL 5921538, at *3; *Lane*, 272 F.R.D. at 602; *Gomez v. United States*, No. 09-CV-22148, 2010 WL 3834211, at *1 (S.D. Fla. Sept. 28, 2010).

       This rule applies even when a party has made "a sweeping conclusion of law," as Defendants put it, meaning an allegation purely of law.[5] *See Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05-CV-3520, 2005 WL 2445902, at *1 (N.D. Ill. Sept. 29, 2005)(a party must respond to allegations quoting statutory text and case law and cannot

---

the third amended complaint alleges: "Defendants violated Plaintiff's right of Due Process by terminating Plaintiff without written notice of alleged misconduct and failing to provide a fair and impartial adjudication hearing."

   [5] For example, among many other abstract allegations of law, Plaintiff alleges:

   121. In order to demonstrate a procedural due process violation, "a plaintiff must show that (1) she was deprived of an individual interest encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and that (2) the procedures available to her did not provide due process of the law." Mayo v. Bangor Area School Dist., 2013 WL 3716533 (E.D. Pa. 2013) (internal citations omitted).

(Doc. 39, Third Am. Compl. ¶ 121).

refuse to respond on the basis that the sources "speak for themselves"); *Lebster v. Nu-Way Transit, Inc.*, 2000 WL 1848989 (N.D. Ill. Dec. 18, 2000)("No reason appears why [Defendant's] counsel should not respond by admitting any allegation that accurately describes the content of whatever part of a statute is referred to in the Complaint.").

We will therefore require amended responses to these allegations, with the exception of paragraph 102; the response to that paragraph had an adequate additional reason for a denial.

### C. *A Party Cannot Claim Lack of Knowledge or Information When He Does Have Knowledge or It Is Reasonably Available to Him*

Defendants have denied paragraphs 30, 46 and 51 of the third amended complaint by asserting that they lack knowledge or information sufficient to form a belief about the truth of the allegations. Plaintiff argues these responses were improper as Defendants either had information that they could have used to respond to the allegations or the information was readily accessible to them. The pertinent allegations are as follows:

> 30. Defendant Rawls also approached a Union official to suggest the Union file a grievance against [the School District] regarding a personnel issue.
>
> . . . .
>
> 46. On February 5, 2013, Defendant Rawls visited the District Middle School and High School without giving prior notice to the administration.

> . . . .
>
>    50. On January 28, 2013, Defendant Rawls, at a public meeting of the Board, falsely accused Plaintiff of nepotism as grounds to not renew her contract.
>
>    51. This accusation resulted in a special investigation which cleared Dr. Kegerise of any wrongdoing. The investigation cost [the School District] in excess of $15,000.00.

(Doc. 39, Third Am. Compl. ¶¶ 30, 46, 50 and 51).[6]

"A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). However, a party "may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading." *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446 (E.D. Pa. 1973). "An averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information." *Id. See also O'Brien v. Cannon*, No. 03-CV-0262, 2003 WL 21949162, at *1 (E.D. Pa. Aug. 13, 2003)(quoting *David*); *Certain Underwriters at Lloyd's*, *supra*, 2013 WL 6801832, at *3. A party may also "be held to the duty to exert reasonable effort to obtain knowledge of a fact." *Greenbaum v. United States*, 360 F. Supp. 784, 787 (E.D. Pa. 1973).

Here, Defendants should be able to answer paragraphs 30 and 46 from the personal knowledge of Defendant Rawls. If they find paragraph 30 too vague, they may

---

[6] Plaintiff does not challenge the response to paragraph 50; we add it to provide context for paragraph 51.

so respond. The response to paragraph 51 can come from a reasonable effort to obtain knowledge from School District records. *Greenbaum*, 360 F. Supp. at 787-88 (the defendant's response was inadequate when it failed to investigate its files).

Based on the foregoing, we will issue an order requiring Defendants to file an amended answer with responses that conform to the pleading requirements of Rule 8(b).[7]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

February 3, 2016

---

[7] Plaintiff has also complained that the answer contains responses that the document "speaks for itself." *See Lane, supra*, 272 F.R.D. at 602-03. However, Plaintiff does not challenge on this ground any particular response, and we do not see the need to adjudicate whether such responses were adequate. We note that Defendants contend that they not only asserted that the documents speak for themselves but that they also denied Plaintiff's characterization of the documents. *See Dilmore v. Alion Science & Tech. Corp.*, No. 11-CV-0072, 2011 WL 2690367, at *4 (W.D. Pa. July 11, 2011).