IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. SUSAN M. KEGERISE, : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL NO. 1:CV-14-0747 |
| : | |
| SUSQUEHANNA TOWNSHIP : | (Judge Caldwell) |
| SCHOOL DISTRICT, et al. : | |
| Defendants : | |
| : | |

*M E M O R A N D U M*

Plaintiff is Dr. Susan M. Kegerise, the former superintendent of the Susquehanna Township School District. The defendants are the School District and three members of the District's School Board, Carol L. Karl, Jesse Rawls, Sr., and Mark Y. Sussman. Plaintiff filed this lawsuit seeking redress after the Board discharged her as superintendent.[1] Various claims have been made arising from the circumstances of her discharge.

On or about February 12, 2016, under Fed. R. Civ. P. 45, Defendants served a subpoena on Abom & Kutulakis, the law firm that formerly represented Plaintiff in this matter. We are considering the firm's motion to quash the subpoena under Fed. R. Civ. P. 45(d)(3). The subpoena seeks the following information:

> Complete copies of all emails, text messages, notes, correspondence, photographs, videos, or other documents both sent or received by any and all employees, attorneys,

---

[1] Defendants assert Plaintiff resigned. We will accept Plaintiff's characterization of the end of her employment for the purpose of this memorandum.

>and/or agents of Abom & Kutulakis, L.L.P., to or from Dr. Peter J. Sakol, Kathy L. DelGrande, Dr. Kathy L. Taschner, Dr. Kimberly R. Donahue, Bruce J. Warshawsky, Esq., any and all current or former employees of the Susquehanna Township School District (hereinafter "STSD"), members of the STSD School Board, and any and all representatives of the person(s) above regarding Dr. Susan Kegerise or the STSD from the dates of January 1, 2012 through present.

(Doc. 92-1, ECF p. 1).

The law firm moves to quash the subpoena on the following grounds. First, the material sought is protected under the attorney work-product doctrine. Second, the material is protected under the attorney-client privilege. Third, Defendants fail to show how the material is relevant to any claim or defense. Fourth, the subpoena failed to give Abom & Kutulakis a reasonable time to comply by determining whether responsive documents exist, and to gather review and organize the documents, thereby subjecting the law firm to an undue burden.

The firm's third argument has merit, so we need not address the others. Under Fed. R. Civ. P. 26(b)(1), a party can only seek discovery of matter relevant to a party's claim or defense. A subpoena under Rule 45 must comply with Rule 26(b)(1). *Sinclair Cattle Co., Inc. v. Ward*, No. 14-CV-1144, 2015 WL 6167488, at *1 (M.D Pa. Oct. 20, 2015). "A party seeking discovery bears the initial burden of demonstrating the requested discovery is relevant to its claim or defense." *CedarCrestone Inc. v. Affiliated Computer Services LLC*, No. 14-MC-0298, 2014 WL 3055355 at *4 (M. D. Pa. July 3, 2014). For the purpose of discovery, relevancy is broadly construed. *Id.* (quoted case omitted). It "is not limited to the precise issues set out in the pleadings or to the merits of

the case." *Id.* (quoted case omitted).  "Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action.  *Id.* (quoted case omitted).

Here, despite the broad construction that must be placed on the relevancy of discovery requests, Defendants have failed to show in any way how the discovery sought is relevant.  As the law firm points out, they have only stated that they believe that the law firm's employees have "engaged in various forms of communications with individuals other than Plaintiff, her experts or other legal consultants." (Doc. 97, Opp'n Br. at ECF p. 4).  Or they assert that they believe "Kegerise's counsel corresponded with multiple individuals for several purposes . . . ." (*Id.*, ECF p. 6).  Defendants have not explained why discovery of this matter is relevant to the general subject matter of this lawsuit.  Since Defendants have not met their initial burden, the motion to quash the subpoena will be granted.

We will issue an appropriate order.

                                              /s/William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge

Date: May 11, 2016