IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DR. SUSAN M. KEGERISE,       :
      Plaintiff       :
             :
  vs.       :       CIVIL NO. 1:CV-14-0747
             :
SUSQUEHANNA TOWNSHIP       :       (Judge Caldwell)
SCHOOL DISTRICT, et al.       :
      Defendants       :
             :

*M E M O R A N D U M*

I.  *Introduction*

Pending before us is Plaintiff's motion to allow her to withdraw her admissions to Defendants' requests for admission and to allow her to file amended answers. Plaintiff is Dr. Susan M. Kegerise. The defendants are the Susquehanna Township School District and three members of the District's School Board, Carol L. Karl, Jesse Rawls, Sr., and Mark Y. Sussman. Plaintiff is suing for her allegedly improper discharge as the District's superintendent.

The parties dispute whether Plaintiff served Defendants with timely answers to the requests. She says she did, and Defendants disagree. In her pending motion, Plaintiff suggests we can ignore this factual dispute and, assuming she did not serve timely answers, simply decide whether, in any event, Plaintiff should be allowed at this time to file answers to the requests. Although she insists she did serve timely answers,

Plaintiff invites us to take this course as one way of resolving the dispute over the requests for admission.

We agree with Plaintiff that we need not decide the factual dispute over whether she served timely answers to the requests. Even if she did not, we can exercise our discretion to grant her request that she be allowed to file answers now.

II. *Background*

On April 30, 2016, under Fed. R. Civ. P. 36(a), Defendants served on Plaintiff twenty-seven requests for admission. Plaintiff had thirty days to respond to the requests or the matters they asserted would be deemed admitted. Fed. R. Civ. P. 36(a)(3). At the time the requests were served, the discovery deadline was May 31, 2016; the deadline for filing pretrial motions was August 26, 2016; and trial was set for November 2016. (Doc. 57, scheduling order). The discovery deadline was later extended to July 18, 2016. (Doc. 107).

On August 26, 2016, Defendants filed a motion for summary judgment. Their statement of material facts in support of the motion relied on the requests for admission, asserting that Plaintiff had failed to timely respond or object to the requests and that they were therefore deemed admitted under Rule 36(a)(3).

Later that day, Plaintiff's counsel sent Defendants' counsel an e-mail stating that he had just read the statement of material facts and it was the first time he was aware that defense counsel had not received Plaintiff's answers to the requests. Writing "Here they are again," Plaintiff's counsel set forth in the e-mail answers to the requests.

-2-

Counsel also requested that defense counsel withdraw the statement of material facts. (Doc. 115-3, Pl.'s Ex. C).

In her motion to withdraw the admissions, filed on September 2, 2016, Plaintiff represents that her counsel sent her answers to defense counsel on May 23, 2016, in an envelope in which he also sent other discovery material. (Doc. 115, Mot. to withdraw admissions ¶ 3). Defendants maintain that, while they did receive the other discovery material, the answers were never sent on May 23, 2016. (Doc. 119, Defs.' answer to Pl.'s motion). Instead, Plaintiff's first answers to the requests were by way of the August 26, 2016, e-mail.

By order of October 12, 2016, the case was removed from the November 2016 trial list, to be rescheduled after resolution of pending motions, including Defendants' motion for summary judgment and the current motion to withdraw admissions. Thereafter, the parties engaged in mediation, which was unsuccessful. (Doc. 137, report of the magistrate judge, dated February 27, 2017).

III.   *Discussion*

In pertinent part, Fed. R. Civ. P. 36(a)(1)(A) permits a party to "serve on any other party a written request to admit . . . the truth of any matters . . . relating to . . . facts, the application of law to fact, or opinions about either . . . ." The request is deemed admitted unless within thirty days after being served with the request, the opposing party serves the requesting party with a written answer or objection. Fed. R. Civ. P. 36(a)(3).

A party may file a motion to withdraw an admission or to amend it. Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* "Courts may consider other factors as well, such as whether the moving party can show good cause for the delay, *see Conlon v. United States,* 474 F.3d 616, 625 (9th Cir. 2007), but they are not required to do so," *see* Fed. R. Civ. P. 36(b)." *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013).

"Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case and, secondly, to narrow the issues by eliminating those that can be." Advisory Committee Note to the 1970 Amendment to Rule 36. Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." *Conlon v. United States,* 474 F.3d 616, 622 (9th Cir. 2007)(citation omitted).

Plaintiff argues she should be allowed to withdraw the admissions and serve answers. First, allowing her to withdraw her admissions would promote the presentation of the merits of the action because accepting the admissions would result in dismissal of several "meaningful" claims. Second, Defendants would suffer no prejudice. Trial is not yet scheduled so they have ample time to prepare for trial and subpoena witnesses. Additionally, they have deposed Plaintiff on the issues in dispute and had two

-4-

years to gather evidence and depose other witnesses. Third, if Plaintiff's counsel did fail to send an answer, it was inadvertent.

In opposition, Defendants argue we should consider other factors, including Plaintiff's inability to show good cause for not serving an answer. We decline to consider whether Plaintiff can show good cause as this is a factor the Third Circuit has stated we need not consider. In regard to other factors, those mentioned in Defendants' brief, we decline to consider them as well.

Defendants also argue they would be prejudiced if Plaintiff were allowed to withdraw her admissions. First, they relied on the deemed admissions for almost ninety days (presumably from April 30, 2016, the deadline for an answer, to July 18, 2016, the close of discovery). Second, they relied on the admissions in making their motion for summary judgment. Third, in reliance on the deemed admissions, they did not explore every admitted issue when they deposed Plaintiff. Alternatively, they argue that if we allow Plaintiff to withdraw her admissions, we should reopen discovery to cure any prejudice to Defendants.

We will allow Plaintiff to file answers to the requests for admission. The admissions do go to major factual and legal issues in the case, so allowing Plaintiff to answer the requests would promote the presentation of the merits of the action. *See Gywnn*, 719 F.3d at 298 ("Upholding the admissions would have significantly interfered with Appellees' ability to present the merits of their case").

Next, there is no prejudice to Defendants because we will allow them the opportunity to engage in additional discovery. This opportunity will cure any claimed prejudice. *Id.* at 299 (any detriment from failing to pursue discovery by relying on admissions was cured by an extension of the discovery deadline).

We observe that *Gwynn* presents similar circumstances to the instant case. In *Gynn*, the plaintiffs had filed a motion for summary judgment relying on deemed admissions. The district court granted the defendants' motion to withdraw the admissions and extended the discovery period at the same time. On appeal, the plaintiffs argued that the court had erred in doing so because if the admissions had remained in effect, their summary judgment motion would have been granted. *Id.* at 298. The Third Circuit rejected the argument, finding that the court had properly exercised its discretion in light of the two factors set out in Rule 36(b) to be considered on a motion to withdraw deemed admissions.

We will issue an order allowing Plaintiff to serve answers and/or objections to Defendants' requests for admission. After Plaintiff does so, we will give Defendants an opportunity to decide if they need more discovery based on the answers/objections.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 22, 2017