IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DR. SUSAN M. KEGERISE, :
    Plaintiff :
 :
    vs. : CIVIL NO. 1:CV-14-0747
 :
SUSQUEHANNA TOWNSHIP : (Judge Caldwell)
SCHOOL DISTRICT, et al. :
    Defendants :
 :

*M E M O R A N D U M*

    Plaintiff is Dr. Susan M. Kegerise, the former superintendent of the Susquehanna Township School District. The defendants are the School District and three current or former members of the District's School Board, Carol L. Karl, Jesse Rawls, Sr., and Mark Y. Sussman. Plaintiff filed this lawsuit seeking redress after the Board discharged her as superintendent.[1] Various claims have been made arising from the circumstances of her discharge.

    Defendant School District has filed a motion to extend discovery and to serve subpoenas on Abom & Kutulakis, the law firm that formerly represented Plaintiff in this matter, and Paul Blunt, Esq., a former counsel for the School District.

    The impetus for the motion was Plaintiff's production of documents resulting from an order of May 17, 2016, intended to resolve certain discovery concerns both parties had. In regard to Plaintiff, the order required her to "provide Defendants with

---

[1] Defendants assert Plaintiff resigned. We will accept Plaintiff's characterization of the end of her employment for the purpose of this memorandum.

assurances that she has produced all documents in her possession that were subject to Defendants' discovery requests and produce any remaining documents, if such exist." (Doc. 107).

As part of the document production, Plaintiff produced certain e-mails. For the purpose of the current motion, Defendants have separated the e-mails into two groups. One group, exemplified in Exhibit A to Defendant's motion, consists of e-mails sent by a former member of the School Board to her private counsel, who forwarded the e-mails to Plaintiff's then counsel, the late Jason Kutulakis. A second group, exemplified in Exhibit B to the motion, consists of e-mails sent by the same former Board member to Attorney Blunt. The e-mails were sent at various times while Plaintiff was represented by Kutulakis and her current counsel. According to Defendants, some of the forwarded e-mails, exemplified in Exhibit C to the motion, "contain confidential communications" from School District attorneys to the Board. (Doc. 109, Defs.' Motion ¶ 13). Other e-mails, exemplified in Exhibit D to the motion, contain Board members' "opinions and strategy regarding the litigation between Plaintiff and" the School District. (*Id.* ¶ 14). The exhibits have been submitted to the court for in camera review.

At her deposition, taken after the close of discovery, Plaintiff could not explain why the e-mails had been forwarded to her counsel and said she had not previously seen some of the e-mails. (*Id.* ¶¶ 20 and 21).

"Defendants believe that the emails . . . show that sensitive and/or confidential information has been passing improperly between" the former Board

member, "that Board Member's counsel," Kutulakis, Blunt, and Plaintiff's current counsel. (*Id.* ¶ 25).

Defendant School District asserts that the information sought is relevant because the District and defense counsel "must be afforded an opportunity to understand whether any privileges may have been waived and the extent of any waiver and whether former Board counsel [Blunt] is improperly providing Plaintiff and/or her counsel with information adverse to his former client, all of which may have now or in the future prejudice the Defendants' ability to mount a defense." (*Id.* ¶ 26). Defendant maintains Blunt has a conflict of interest because he represented the School District in the negotiation of Plaintiff's employment agreement and in defense of a federal lawsuit brought against the School District by Rawls and Sussman, and the contract and lawsuit "are at issue in various counts of the instant matter." (*Id.* ¶¶ 9 and 10).

Defendant School District therefore requests an opportunity "to seek additional discovery regarding the forwarded emails and how they came into the possession of Plaintiff and her counsel." (*Id.* ¶ 22). Defendant also seeks permission to serve subpoenas on Abom & Kutulakis and Attorney Blunt. The subpoenas would seek the following information:

> Complete copies of all emails, text messages, notes, correspondence, photographs, videos, or other documents not privileged both sent or received by any and all employees, attorneys, and/or agents of Abom & Kutulakis, L.L.P., to or from Dr. Peter J. Sakol, Kathy L. DelGrande, Dr. Kathy L. Taschner, Dr. Kimberly R. Donahue, Bruce J. Warshawsky, Esq., Paul Blunt, Esq., any and all current or former employees of the Susquehanna Township School District

-3-

> (hereinafter "STSD"), members of the STSD School Board,
> and any and all representatives of the person(s) above
> regarding Dr. Susan Kegerise, STSD, and any litigation in
> which Dr. Susan M. Kegerise was or is involved from the
> dates of January 1, 2012 through present.

(Doc. 109-1, ECF p. 2).

Plaintiff opposes the motion. She asserts that to avoid "further meritless claims by Defendants," she produced every document that "could possibly be responsive to Defendant's discovery requests," and except for a "few documents," all of them had already been produced by Plaintiff or by Defendants to Plaintiff. (Doc. 113, Pl.'s Response ¶¶ 3 and 4).

In part, she also argues that there could be no waiver of any privilege here because an individual Board member cannot waive a privilege for the entire Board. In any event, Plaintiff is willing to stipulate that no waiver of privilege occurred here, and Defendant's interests can therefore be protected by an order prohibiting Plaintiff from using the privileged information and prohibiting the former Board member from providing additional privileged information. (*Id.*, ¶¶ 17 and 18). Also, further discovery is not necessary here as Defendant is already in a position to determine if there has been a waiver and the extent of any waiver because "Plaintiff has already produced everything in Plaintiff's possession, including those acquired from Abom and Kutulakis LLC and Paul Blunt." (Doc. 113, Pl.'s Response ¶ 20). Finally, Plaintiff asserts none of the e-mails reveals information prejudicial to Defendants.

-4-

In reply, the School District in part argues as follows. It contends that Plaintiff's arguments concerning confidentiality and privilege miss the mark, that the real issue is that Defendants should be able "to explore the existence of relevant information, who possesses that information and have the ability to obtain and analyze such information." (Doc. 144, Defs.' Reply Br. at p. 8). It also contends that the information sought is relevant as "discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action." *CedarCrestone Inc. v. Affiliated Computer Services LLC*, No. 14-MC-0298, 2014 WL 3055355 at *4 (M.D. Pa. July 3, 2014)(quoted case omitted). Here, Defendant asserts that the e-mails show that information has been exchanged between Plaintiff and Blunt and so further discovery is necessary to reveal other evidence, evidence the School District believes has been withheld on the basis of the alleged late disclosure of additional documents.

We disagree with Defendant School District. First, its motion did rely on privilege issues and whether any privileges had been waived, saying this was why the additional discovery was relevant. As Plaintiff points out, no further discovery is necessary on these issues as Defendant is already in a position to determine if there has been a waiver and the extent of any waiver because Plaintiff has already produced all the e-mails in Plaintiff's possession, including those acquired from Abom and Kutulakis LLC and Paul Blunt. We add that we have reviewed the e-mails submitted for in camera inspection and none of them reveal Board members' opinions and strategy regarding the

instant litigation.  And while some e-mails contain confidential communications from School District attorneys to the Board, the communications do not relate to the instant case.  In any event, Plaintiff agrees that no privileges have been waived in regard to the e-mails so that if Plaintiff tries to use any privileged information, Defendants can seek an order prohibiting its use.  Additionally, discovery is not needed to locate further evidence as Plaintiff represents that she has produced all the documents in her possession.[2]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 5, 2017

---

[2] Defendant School District has raised other arguments in its reply brief, but they have been presented for the first time, and we do not consider arguments raised for the first time in a reply brief.  *See MONY Life Ins. Co. v. Snyder*, No. 15-CV-2109, 2016 WL 1058923, at *4 (M.D. Pa. Mar. 17, 2016)(Caldwell, J.).