IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. SUSAN M. KEGERISE, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL NO. 1:CV-14-0747 |
| | : | |
| SUSQUEHANNA TOWNSHIP | : | (Judge Caldwell) |
| SCHOOL DISTRICT, et al. | : | |
| Defendants | : | |
| | : | |

*M E M O R A N D U M*

I. *Introduction*

Defendants have moved us to stay this action until the Pennsylvania Supreme Court decides an appeal in a related state-law mandamus case. For the reasons set forth below, we will deny the motion.

II. *Background*

Plaintiff is Dr. Susan M. Kegerise, the former superintendent of the Susquehanna Township School District. The defendants are the School District; two members of the District's School Board, Jesse Rawls, Sr., and Mark Y. Sussman; and a former member of the Board, Carol L. Karl. Plaintiff filed this lawsuit asserting various federal claims mainly seeking redress for what she alleges was her improper discharge from her position as superintendent, including a claim that she was constructively discharged. The Board took the position that the claim of constructive discharge was

also a resignation and so accepted that alleged resignation shortly after the federal suit was filed.

On April 24, 2014, about two days after the Board's action, Kegerise filed a mandamus action in state court against eight members of the School Board in their official capacities, seeking reinstatement to her position. The trial court agreed with her and reinstated her as superintendent, including a requirement that she receive back pay and benefits. On appeal, with one member of the three-member panel dissenting, the Pennsylvania Commonwealth Court affirmed the trial court, holding that Plaintiff could invoke mandamus to be reinstated to her position. *See Kegerise v. DelGrande*, 147 A.3d 930, 940 (Pa. Commw. Ct. 2016). Part of the court's reasoning was that a person could claim to have been constructively discharged from her position without actually having resigned the position. *Id.* at 934-35. The court also found that Kegerise had a clear right to reinstatement, thereby making mandamus relief appropriate, because, having been elected superintendent (and not having resigned), she had certain statutory obligations and a clear legal right to perform them, so that the Board had a corresponding duty to reinstate her. *Id.* at 938-39 and n.10.

On May 17, 2017, the Pennsylvania Supreme Court granted a petition for allowance of appeal to review the Commonwealth Court's decision. That appeal has been briefed and oral argument has been set for November 29, 2017. (Doc. 170).

In regard to the instant action, Plaintiff initiated it by filing an original complaint on April 17, 2014. She then filed an amended complaint as of right, asserting

ten causes of action. Defendants moved to dismiss all of the claims. In a memorandum and order of January 7, 2015, we dismissed some of the claims and granted leave to amend one of the dismissed claims, a retaliation claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654. *See Kegerise v. Susquehanna Twp. Sch. Dist.*, No. 14-CV-747, 2015 WL 106528, at *18 (M.D. Pa. Jan. 7, 2015).[1]

Plaintiff filed a second amended complaint. By stipulation of the parties approved by the court, Plaintiff filed a third amended complaint on February 27, 2015. In addition to the amended FMLA claim, the third amended complaint presented two new claims, a Title VII claim that her discharge was based on her race and a Title VII claim that her discharge was based on her gender. Defendants moved to dismiss the FMLA claim and the two Title VII claims. By memorandum and order, filed July 13, 2015, we denied the motion as to the FMLA claim and the gender-based Title VII claim but granted it as to the Title VII race-based claim. *Kegerise v. Susquehanna Twp. Sch. Dist.*, No. 14-CV-747, 2015 WL 4232534, at *6 (M.D. Pa. July 13, 2015). We did not grant leave to amend the latter claim. *Id.*

As a consequence, Plaintiff has the following causes of action before this court: (1) a claim under 42 U.S.C. § 1983 against the District, Karl, Rawls and Sussman that Plaintiff's right to due process was violated when the Board failed to give her notice and a hearing before her constructive discharge; (2) a state-law claim for breach of

---

[1] One of the claims we dismissed, without leave to amend, was a constructive discharge claim. *Id.* at *7-11, 18.

contract against the District when the District breached her written employment agreement in part by constructively discharging her and by failing to give her the notice and hearing required by the contract; (3) a state-law claim against Karl, Rawls and Sussman for tortious interference with her employment contract; (4) a state-law claim against Rawls and Sussman for wrongful use of civil proceedings; (5) an FMLA retaliation claim against the District, asserting that the Board terminated her for invoking her FMLA rights; (6) a First Amendment retaliation claim against the District, Karl, Rawls, and Sussman, alleging that Plaintiff was terminated in retaliation for filing the instant lawsuit; (7) a retaliation claim under the Pennsylvania Constitution against the District, Karl, Rawls, and Sussman duplicating the First Amendment retaliation claim; and (8) a Title VII claim against all defendants that her termination was based on gender.

Thereafter, the parties undertook discovery, with the discovery period extended at least twice. (Docs. 107 and 147). Defendants filed an initial motion for summary judgment (Doc. 110), and then a second motion for summary judgment (Doc. 152) on August 18, 2017. Those motions are pending.[2]

In the appeal before the state supreme court in the state-law mandamus action, the court granted review of the following three questions:

> a. Whether the Commonwealth Court majority's holding that a claim of constructive discharge does not require actual resignation conflicts with the United State Supreme Court's

---

[2] However, the second motion is the operative one as it was permitted after we allowed some additional discovery by order of June 5, 2017.

-4-

holdings in *Green v. Brennan*, 136 S.Ct. 1769 (2016) and *Pennsylvania State Police v. Suders*. 124 S.Ct. 2342 (2004)[?]

b. Whether the Commonwealth Court majority's holding that a claim of constructive discharge does not require actual resignation conflicts with this Court's decision in *Pennsylvania Labor Relations Bd. v. Sand's Ret. Corp.*, 240 A.2d 801 (Pa. 1968) or the Superior Court's decisions in *Kroen v. Bedway Sec. Agency, Inc.*, 633 A.2d 628 (Pa. Super 1993) and its progeny[?]

c. Whether the Commonwealth Court majority erred as a matter of law and so abused its discretion as to call for this Court's review in concluding that Kegerise had a clear right to relief in mandamus pursuant to Section 1080 of the Public School Code, even though Section 1080 is silent as to the District's obligations in the face of a superintendent's resignation[?][3]

As noted, Defendants have filed a motion to stay this action until the Pennsylvania Supreme Court decides whether Kegerise was entitled to reinstatement to her position by way of mandamus. They assert that whatever ruling is issued will have a bearing on some of the claims and remedies in the instant case.

III. *Discussion*

"'The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication.'" *Barnard v. Lackawanna Cnty.*, No. 15-CV-2220, 2016 WL 362424, at *2 (M.D. Pa. Jan. 29, 2016)(quoting *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994)). The party

---

[3] Section 1080 of the School Code, 24 Pa. Stat. Ann. § 1080, provides in part that School Boards can remove superintendents on certain grounds after notice and a hearing. Kegerise had argued that the Board failed to follow this procedure when it treated the filing of her constructive discharge claim as a resignation.

seeking a stay of the litigation must present a clear countervailing interest to the other party's right to litigate her case. *CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004). In deciding whether to stay an action, courts usually consider four factors: "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; [and] (4) whether a stay will simplify issues and promote judicial economy." *Barnard*, 2016 WL 362424, at *2 (quoting *Structural Grp., Inc. v. Liberty Mut. Ins. Co.*, No. 07-CV-1793, 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008)).

Defendants argue that the first factor supports granting a stay because briefing has been completed in the state supreme court and oral argument has been scheduled for November 29, 2017. According to Defendants, "a decision [will] timely follow" so that the anticipated length of the stay will be of "short duration." (Doc. 151, Defs.' Br. in Supp. at ECF p. 6).

We disagree that the first factor favors granting the stay. A stay of indefinite duration typically compels denial of the motion. *Vasvari v. Rite Aid Corp.*, No. 09-CV-2069, 2010 WL 3328210, at *2 (M.D. Pa. Aug. 23, 2010)(citing *Cheyney State Coll. Faculty v. Hufstedler,* 703 F.2d 732, 738 (3d Cir. 1983)). Here, Defendants provide only the vague and unsupported contention that a decision will "timely follow" the oral argument and the stay will be only of "short duration." However, it is possible the state supreme court may not decide the case for six months, or even a year after oral

argument (and oral argument is still about a month away).[4] We believe Defendants are asking for a stay of indefinite duration as it cannot be predicted when the state supreme court will rule. Thus the first factor disfavors a stay. *Vasvari*, 2010 WL 3328210, at *2; *Structural Grp., Inc.*, 2008 WL 4616843, at *5 ("[s]tays of indefinite duration are especially discouraged"); *EQT Prod. Co. v. Terra Services, LLC*, No. 14-CV-1053, 2016 WL 7232569, at *3 (W.D. Pa. Dec. 14, 2016)(noting in part that the defendant had not provided any support for its projection that the stay would last eight to nine months while awaiting an agency tribunal's decision and that indefinite stays were not favored).

Next, Defendants have made an argument combining the second and third factors. They contend both sides "would face potential hardship if the stay were denied as the parties will be required to expend significant time and resources engaging in extensive dispositive and pretrial motion practice, expert discovery, and trial preparation while the Supreme Court decision remains pending, since a decision in that case will likely (1) render moot some of the motions of the parties and (2) impact the viability of several claims in Plaintiffs lawsuit." (Doc. 151, Defs.' Br. in Supp. at ECF p. 6).

We disagree with Defendants. As noted above, the parties have completed discovery, Defendants have filed a second motion for summary judgment, and that motion has been briefed. It thus appears that the parties have already expended significant time and resources in pretrial matters. *Compare Rajput v. Synchrony Bank*,

---

[4] *See, e.g., Gilbert v. Synagro Cent., LLC*, 131 A.3d 1 (Pa. 2015)(argued May 5, 2015, decided December 21, 2015); *Polett v. Pub. Commc'ns, Inc.*, 126 A.3d 895 (Pa. 2015) (argued October 8, 2014, decided October 27, 2015).

221 F. Supp. 3d 607, 612 (M.D. Pa. 2016)(noting that if stay is not granted the parties would incur fees and expenses involved in discovery, motions practice, and trial preparation). Defendants also do not specify the expert discovery they would need.

Defendants next argue, on the third factor alone--the injury that would be inflicted on the non-moving party--Kegerise would suffer no harm because the stay would be of limited duration. We reject this argument as we have already decided that Defendants have not shown that the stay would be a limited one.

On the fourth factor, Defendants maintain that a stay would streamline issues and promote judicial economy. This is so, Defendants claim because the legal issues before this court "are identical or substantially similar to the legal issues" before the Pennsylvania Supreme Court, (Doc. 151, Defs.' Br. in Supp. at ECF p. 8), as they involve the supreme court's "interpretation of [a] state statute, state common law and prior Supreme Court decisions," which would "provide significant guidance, or at a minimum persuasive authority . . . and should also eliminate the possibility of inconsistent results." (*Id.*) If, for example, the state supreme court found in Defendants' favor that Kegerise resigned by filing her constructive discharge claim, Defendants argue that the federal and state constitutional retaliation claims in the instant action may be resolved. In fact, according to them, the only claims that would potentially remain would be the claims for tortious interference with contract and wrongful use of civil proceedings. In their reply brief, Defendants add the argument that if the state supreme court finds in Defendants' favor that Kegerise resigned by filing her constructive discharge claim, the court could

-8-

find that Plaintiff was not owed any due process, meaning that the federal due process claim based on section 1080 would be eliminated and the state-law claim for breach of her employment agreement might also fail. If the state supreme court rules in Kegerise's favor that the lower courts were correct to reinstate her, there would also be a benefit from a stay. Defendants contend such a ruling would have a significant impact on the remedy Plaintiff would have in federal court by way of being made economically whole as the lower state courts have already ordered that her salary be reinstated.

In opposition, Plaintiff argues in part the following. In regard to simplifying the issues, the only issue before the state supreme court, contrary to Defendants' position, is one of federal law--whether pleading a federal constructive discharge claim constitutes a resignation, which in turn would indicate whether mandamus relief was proper. Second, we are not bound by the state supreme court's rulings on federal law, and we have already ruled on the question by stating that any resignation was not voluntary. *See Kegerise*, *supra*, 2015 WL 106528, at *11-12.[5] It follows that waiting for the state supreme court's decision on the mandamus action would only further delay the case.

We are not as confident as Defendants are that the state supreme court's ruling would eliminate claims or simplify issues. In any event, even if the fourth factor favors a stay, we nonetheless believe we should not stay this action. As noted, we have

---

[5] We said this in regard to the federal due process claim. More accurately, we said that it was irrelevant to the due process claim whether Plaintiff had resigned or not as the resignation was alleged to be involuntary, and a forced resignation, if intended to avoid the obligation of giving a hearing, could not excuse the failure to provide one. *Id.*

decided that the first, second, and third factors do not favor a stay. Significantly, in regard to the first factor, Defendants do not provide sufficient information concerning how long the stay would last, and a stay of indefinite duration typically compels denial of the motion. *Vasvari, supra,* 2010 WL 3328210, at *2.

We will issue an appropriate order.[6]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 3 , 2017

---

[6] Plaintiff has requested that we impose sanctions under 28 U.S.C. § 1927. We decline to do so.