# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN M. KEGERISE, | : | |
|     Plaintiff | : | No. 1:14-cv-0747 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| SUSQUEHANNA TOWNSHIP | : | |
| SCHOOL DISTRICT, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Defendants Susquehanna Township School District ("the District"), Carol L. Karl ("Karl"), Jesse Rawls, Sr. ("Rawls"), and Mark Y. Sussman's ("Sussman") (collectively referred to herein as "Defendants") motion in limine to preclude evidence at trial in the above-captioned action. (Doc. No. 209.) For the reasons stated herein, the Court will grant in part and deny in part the motion.

## I. BACKGROUND[1]

Defendants filed the instant motion on October 11, 2018 (id.), along with a brief in support thereof (Doc. No. 210). On October 23, 2018, Plaintiff Susan M. Kegerise ("Plaintiff") filed a brief in opposition (Doc. No. 222), to which Defendants filed a brief in reply on November 6, 2018 (Doc. No. 225). Having been fully briefed, Defendants' motion is ripe for disposition.

In their motion, Defendants seek the preclusion of certain categories of testimony and evidence at trial: (1) testimony of certain witnesses; (2) testimony as to Plaintiff's retirement benefits; (3) evidence and testimony as to certain previously-dismissed claims; (4) evidence

---

[1] The Court previously described the factual background of this action in its Memorandum (Doc. No. 187), addressing Defendants' second motion for summary judgment (Doc. No. 152). Accordingly, the Court incorporates the factual account from said Memorandum (Doc. No. 187), herein.

relating to the District's subsequent hiring of a business manager for purposes of Plaintiff's sex discrimination claim; (5) testimony from Kathy DelGrande ("DelGrande") and Peter Sakol ("Sakol"); and (6) testimony that purports to contradict the ruling of the Supreme Court of Pennsylvania in Plaintiff's related mandamus proceeding. The Court addresses each of Defendants' evidentiary challenges in turn.

## II. DISCUSSION

### A. Testimony as to Certain Witnesses

#### 1. Earl Crum, Dr. John Sygielski, Gae Bradley, and Karen Kesler

Defendants argue that certain witnesses – Earl Crum, Dr. John Sygielski, Gae Bradley, and Karen Kesler – should be precluded from testifying at trial because Plaintiff omitted the names of these witnesses in responding to Defendants' discovery requests in 2014 and, therefore, violated Federal Rule of Civil Procedure 26(e)(1). (Doc. No. 210 at 6-7.) Plaintiff argues that preclusion of their testimony would be improper because the late identification of these witnesses would not prejudice Defendants so as to warrant preclusion. (Doc. No. 222 at 6.)

While Rule 26(e)(1) imposes a duty on a litigant to supplement disclosures made during discovery and Rule 37 provides that a party may not use such information at trial if the disclosure did not comport with Rule 26, the Court may permit the use of such testimony at trial if the failure to disclose is "substantially justified or is harmless." See Fed. R. Civ. P. 37(c)(1). In determining whether the failure to disclose is substantially justified or harmless, the Court examines: (1) "the prejudice or surprise of the party against whom the excluded evidence would have been admitted"; (2) "the ability of the party to cure that prejudice"; (3) "the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the [C]ourt"; and (4) "bad faith or willfulness in failing to comply with a court order or discovery

obligation." See Nicholas v. Penn. State Univ., 227 F.3d 133, 148 (3d Cir. 2000) (citing Konstantopoulous v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)). "The Third Circuit also considers 'the importance of the evidence to the proffering party.'" Sabol v. Allstate Prop. & Cas. Ins. Co., 309 F.R.D. 282, 286 (M.D. Pa. 2015) (quoting Hill v. TD Bank, NA, 586 F. App'x 874, 879 (3d Cir. 2014)).

With these factors in mind, and having reviewed the record and the parties' briefs, the Court concludes that preclusion of testimony by Earl Crum, Dr. John Sygielski, Gae Bradley, and Karen Kesler is improper, as any failure to disclose such witnesses is harmless for purposes of Rule 26. In light of Plaintiff's supplemental disclosure, as well as the extensive pre-trial preparation undertaken by the parties since the filing of the instant motion, the Court finds that none of the factors listed supra is present in such a way that would warrant preclusion of this testimony. Accordingly, the Court will deny Defendants' motion as it relates to testimony from Earl Crum, Dr. John Sygielski, Gae Bradley, and Karen Kesler.

### 2. Plaintiff's Treating Physician

Defendants also seek an order precluding testimony from one of Plaintiff's treating physicians, whom the parties refer to as Dr. Chorney,[2] on the basis that Plaintiff did not disclose this witness during discovery in accordance with Rule 26(a)(2)(A), which pertains to the disclosure of expert testimony. (Doc. No. 210 at 7.) According to Defendants, Plaintiff did not provide Defendants with the name of this physician during discovery, but, rather, stated only "that she intended to call 'treating physicians,' failing to even identify them by name." (Id. at 8.) Plaintiff does not respond specifically to Defendants' arguments concerning the disclosure of Dr.

---

[2] Defendants initially challenged the admission of testimony from two other treating physicians, Dr. Papandrea and Dr. Gutierrez, but subsequently withdrew such challenges and so indicated in their reply brief. (Doc. No. 225 at 2.)

3

Chorney. (Doc. No. 222 at 7-8) ("In any case, Defendants' [m]otion . . . should be dismissed with regard to Dr. Papandrea and Dr. Gutierrez . . . .").

Rule 26(a)(2)(A) provides that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." See Fed. R. Civ. P. 26(a)(2)(A). The Court concludes that preclusion of testimony of Dr. Chorney is appropriate regardless of this Rule's applicability, however, for Plaintiff appears not to challenge Defendants' arguments in favor of preclusion as they relate to Dr. Chorney's testimony. Moreover, conspicuously absent from Plaintiff's brief in opposition on this point is any reference to testimony on the part of Dr. Chorney. (Doc. No. 222 at 7-8.) Accordingly, in light of Plaintiff's lack of opposition to Defendant's motion in this regard, the Court will grant Defendant's motion in limine as it relates to the testimony of Dr. Chorney, and such testimony will not be admitted at trial.

   **3. Attorney Witnesses**

Further, Defendants seek the preclusion of testimony by certain attorney witnesses at trial, stating that "Plaintiff's only reason for calling attorney witnesses to testify at trial is to reveal information protected by attorney-client privilege." (Doc. No. 210 at 8.) To that end, Defendants assert that these witnesses "are current or former" solicitors of the District, and "[a]ny information they possess relevant to this matter is protected by the attorney-client privilege." (Id.) In opposition, Plaintiff ostensibly argues that she did not identify these individuals as witnesses at an earlier point in the instant litigation because she believed doing so was unnecessary as a result of the Court's prior Memorandum and Order denying Defendants'

motion to dismiss as to one of Plaintiff's claims that was subsequently dismissed at the summary judgment stage.³ (Doc. No. 222 at 8-9.)

The Court concludes that, at this juncture, there is insufficient information contained in the record and the parties' briefs from which the Court may ascertain the propriety of such testimony in light of the attorney-client privilege. Defendants state only that "it is believed that [Plaintiff] wants to elicit testimony about the STSD Board's conversations with counsel in executive session . . . as well as other confidential conversations with prior solicitors" and that "[a]ny information [the proposed witnesses] possess relevant to this matter is protected by the attorney-client privilege." (Doc. No. 210 at 8.) Consequently, because "not one witness has been sworn nor have opening statements been heard[,]" the Court cannot determine "whether these statements will ever be elicited, or, if they are, the context in which they will be offered." See King Drug Co. of Florence, Inc. v. Cephalon, Inc., No. 2:06-cv-2768, 2016 WL 278054, at *2 (E.D. Pa. Jan. 22, 2016) (commenting that the applicability of the attorney-client privilege to trial testimony "will depend on the circumstances in which the testimony is offered and the development of the trial record"). The Court, therefore, will deny Defendants' motion in limine as to the attorney witnesses without prejudice to Defendants' ability to reassert their arguments in this vein at trial.⁴

## B. Testimony as to Retirement Benefits

---

³ Plaintiff appears to argue that, in light of a previous ruling as to Defendants' motion to dismiss, which Plaintiff states constituted a rejection of the notion "that Plaintiff resigned by filing for constructive discharge," she "had neither a basis nor a need to include the listed attorneys in [her] list of witnesses." (Doc. No. 222 at 8.)

⁴ As did the district court in King Drug Company, this Court notes that while the Court is unable to assess Defendants' motion as to each piece of potential evidence at this time, "counsel should be well aware of the types of questions that will prompt [the assertion of] the attorney-client privilege at trial." See King Drug Co. of Florence, Inc. v. Cephalon, Inc., No. 2:06-cv-2768, 2016 WL 278054, at *2 (E.D. Pa. Jan. 22, 2016).

5

Defendants argue that Plaintiff should be precluded from testifying as to her retirement benefits on the basis that such testimony involves "issues such as life expectancy, amortization rates[,] and the complex calculations associated with [Plaintiff's] PSERS pension program,"[5] all of which Defendants maintain fall within the ambit of testimony that "cannot be offered by a lay witness." (Doc. No. 210 at 8-9.) According to Defendants, Plaintiff "has neither a reasonable basis nor specialized knowledge in pension calculations and cannot offer such testimony" and because "Plaintiff has not identified an expert [to offer such testimony], the Court should exclude testimony regarding alleged lost or diminished retirement or pension benefits." (Id. at 9.) In response, Plaintiff asserts that she "is perfectly capable of testifying about her lost retirement benefits based on her personal knowledge[,]" stating that she "has regularly received [s]tatements of [b]enefits from the state pension agency, PSERS, that state her level of benefits and the basis for the state[d] level of benefits." (Doc. No. 222 at 10-11.) Plaintiff further states that in order for her to testify as to such information, she "would be relying on simple, straightforward reports . . . and would be performing a simple arithmetic calculation based on that report" such that Plaintiff's testimony would be permissible as lay testimony under Federal Rule of Evidence 701. (Id. at 12-13.)

The Court concludes that Plaintiff would not be a proper lay witness in this regard and, therefore, Plaintiff is precluded from testifying as a lay witness with respect to her retirement benefits. As an initial matter, the Court observes that the ultimate resolution of this evidentiary issue is within the Court's discretion. See, e.g., Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 80 (3d Cir. 2009) (recognizing that evidentiary rulings are within the discretion of the district court). Federal Rule of Evidence 701 requires a lay witness's testimony to be

---

[5] "PSERS" refers to the Pennsylvania Public School Employees' Retirement System.

"(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." See Fed. R. Evid. 701. However, "[w]hen a lay witness has particularized knowledge by virtue of her experience, she may testify – even if the subject matter is specialized or technical – because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702." Donlin, 581 F.3d at 81. In the context of testimony as to retirement benefits, courts have deemed proffered testimony invalid for purposes of Rule 701 in instances where the calculations required "were sufficiently complex that . . . someone more qualified [that the proposed witness] was needed to testify." See Eichorn v. AT&T Corp., 484 F.3d 644, 650 n.3 (3d Cir. 2007).

Under the standard described supra, the proposed testimony from Plaintiff is not proper lay testimony under Rule 701, and, accordingly, the Court will preclude Plaintiff from offering such testimony as a lay witness. While Plaintiff argues that such testimony would entail only "a simple arithmetic calculation" based on reports provided to Plaintiff (Doc. No. 222 at 13), the remainder of Plaintiff's briefing on this issue belies this characterization, and the proffered testimony would require "undertak[ing] complicated tasks such as calculating life-expectancy, [or] assessing amortization rates[,]" which the United States Court of Appeals for the Third Circuit has previously indicated may warrant preclusion of lay testimony. See Donlin, 581 F.3d at 82 (describing complexity of calculations involved in proffered lay witness's testimony). Accordingly, the proposed testimony at issue in the case at bar is more analogous to that deemed improper by the Court of Appeals in Eichorn, where the proposed witness, "who was not offered as an expert and ha[d] no training or experience with the economics of employment benefits[,]" sought "to quantify what each plaintiff would have earned in pension benefits, had he or she

7

remained employed" and entailed "assumptions about such future events as when the plaintiffs would have retired, how their salaries would have increased[,] . . . what choices the plaintiffs would have made with respect to their pension benefits, and what each plaintiff's life expectancy was." See Eichorn, 484 F.3d at 648; see also Donlin, 581 F.3d at 83 (stating that subject testimony "went beyond those easily verifiable facts within [the witness's] personal knowledge and instead required forward-looking speculation for which she lacked the necessary training"). Because Plaintiff's proposed testimony as to retirement benefits falls outside the ambit of what is permitted by Rule 701, the Court concludes that Defendants' motion in limine should be granted as to this issue.

### C. Evidence and Testimony as to Claims Previously Dismissed by the Court

Defendants next argue that Plaintiff should be precluded from "offer[ing] testimony and evidence at trial related to claims that have been dismissed and are no longer relevant or otherwise probative to remaining claims." (Doc. No. 210 at 9.) Specifically, Defendants state that "Plaintiff intends to offer evidence and testimony regarding her [FMLA] claim, her medical leave condition; and information that would otherwise support her dismissed [h]ostile [w]ork [e]nvironment claim and other matters unrelated to the proofs required for her five remaining causes of action." (Id.) Conversely, Plaintiff argues that "the evidence Defendants seek to exclude is relevant to the surviving claims in a number of ways and therefore should not be excluded" (Doc. No. 222 at 14), pointing specifically to evidence of her medical treatment and stating that although her FMLA claim was dismissed previously, evidence related to that claim remains relevant for purposes of other claims because it pertains to the physical toll Plaintiff says she experienced as a result of the events giving rise to this litigation (id.).

8

The Court concludes that denial of Defendants' motion on this issue is warranted because, at this juncture, the Court is unable to ascertain exactly what evidence would be proffered and for what purpose at trial, and, therefore, cannot make a determination as to its relevance to the remaining claims. Such a conclusion is warranted, as "[t]he movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and the [C]ourt may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded." See Leonard v. Stemtech Health Scis., Inc., 981 F. Supp. 2d 273, 276 (D. Del. 2013). Granting a motion of this type, though, may be appropriate in instances where the Court is able to determine that the subject testimony "pertains to claims [that] are no longer at issue and the facts underlying the claims are wholly separate from, and, thus, irrelevant to, the sole remaining claim[s]." See Sarin v. Poojan, Inc., No. 3:08-cv-1077, 2010 WL 5463250, at *5 (M.D. Pa. Dec. 29, 2010) (reasoning that certain testimony would be precluded because the testimony pertained to claims that were previously dismissed upon a finding that they were precluded by operation of a certain statute). Accordingly, the Court will deny Defendants' motion as to this testimony, without prejudice to Defendants' ability to reassert any argument as to the relevance of such evidence at trial.

> **D. Evidence and Testimony as to the District's Subsequent Hiring of a Business Manager for Purposes of Plaintiff's Sex Discrimination Claim**

In addition, Defendants seek the preclusion of testimony from Plaintiff regarding the subsequent hiring of Oslwen Anderson ("Anderson") as a business manager for purposes of comparative evidence in regard to Plaintiff's Title VII sex discrimination claim, arguing that Anderson is not a "similarly situated" individual and, therefore, cannot be considered a proper comparator for Plaintiff to establish a sex discrimination claim under a disparate treatment theory. (Doc. No. 225 at 4-5.) According to Defendants, Plaintiff and Anderson are not

9

similarly situated because "Anderson performed a different job than [Plaintiff], in a different department, for a different supervisor (the Superintendent)." (Id. at 5.) In opposition, Plaintiff asserts that Anderson is a similarly situated individual, and thus can be a valid comparator for purposes of Plaintiff's sex discrimination claim, because "[t]he position of [b]usiness [m]anager in a school district is just one of a handful of top leadership positions in school districts and, like the position of Superintendent, it is one of only two positions that answer directly to the Board." (Doc. No. 222 at 15.) To that end, Plaintiff states that "[e]vidence that Defendants blatantly discriminated against a female candidate for another top leadership position in the District within [three] weeks of having terminated Plaintiff's employment certainly qualifies as" sufficient evidence from which one could infer discriminatory intent. (Id. at 16.)

The Court concludes that preclusion of evidence as to the hiring of Anderson is unwarranted, as it is within the province of the jury to determine whether Anderson would be considered a similarly situated person in connection with Plaintiff's sex discrimination claim. "While 'similarly situated' does not mean identically situated, the plaintiff must nevertheless be similar [to the comparator] in 'all relevant respects.'" Opsatnik v. Norfolk S. Corp., 335 F. App'x 220, 222-23 (3d Cir. 2009) (quoting Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)). In determining whether two individuals are similarly situated, "[w]hich factors are relevant is determined by the context of each case, but often includes a 'showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." Id. at 223 (citing Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)). "The Supreme Court has held that evidence offered in a discrimination case concerning purported comparators with different supervisors is

10

neither per se admissible nor per se inadmissible." Id. (citing Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379 (2008)). However, "'[t]here is no precise formula to determine whether an individual is similarly situated to comparators,' and it is generally a question of fact for the jury." Fiala v. Bogdanovic, No. 1:07-cv-02041, 2009 WL 3260585, at *4 (M.D. Pa. Oct. 8, 2009) (quoting McDonald v. Village of Winnetka, 371 F.3d 992, 1002 (7th Cir. 2004)).

In light of this standard, it would be improper to preclude Plaintiff from presenting evidence regarding Anderson's hiring for purposes of her sex discrimination claim. As an initial matter, it bears noting that the question of whether two individuals are similarly situated is specific to the case at hand in that it is "determined by the context of each case." See Opsatnik, 335 F. App'x at 223. The fact that Plaintiff and Anderson had different formal job characteristics, such as their job titles and departments, is not entirely probative in this case, as both were subject to the District's disciplinary authority. Considering this context-specific issue, the Court is unwilling to resolve the question of whether Anderson is a similarly situated individual, especially against the backdrop of the general characterization of this issue as "a question of fact for the jury." See Fiala, 2009 WL 3260585, at *4. Accordingly, Defendants' motion will be denied in this regard.

### E. Testimony from Sakol and DelGrande as Statements of a Party Opponent

Further, Defendants move for the preclusion of adverse testimony made by former board members Sakol and DelGrande in their depositions, on the grounds that such evidence does not comport with Federal Rule of Evidence 801(d)(2) in that neither Sakol nor DelGrande was serving on the Board at the time the statements were made, and as a result, the statements cannot properly be considered statements of a party opponent under Rule 801(d)(2). (Doc. No. 225 at 6.) Plaintiff argues in opposition that the statements satisfy Rule 801(d)(2) because at the time of

11

the depositions, Defendants treated Sakol and DelGrande as agents of the District and, as a result, an agency relationship existed between both deponents and the District, thus demonstrating that both Sakol and DelGrande "had the authority to speak on behalf of [the District] when they testified at their depositions."  (Doc. No. 222 at 17-19.)

The Federal Rules of Evidence contemplate an exception to the general rule against hearsay for statements made by an opposing party.  See Fed. R. Evid. 801(d)(2).  Specifically, Rule 801(d)(2) provides that a statement is not hearsay if "[t]he statement is offered against an opposing party and":

> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject;
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Id.  Upon consideration of this Rule, the Court concludes that, at this juncture, denial of Defendant's motion is proper, as the Court is unable to ascertain from the relevant briefing the nature of the subject statements and, as a result, cannot conclude whether the statements would be admissible as statements of a party opponent.  While the parties disagree as to whether the requisite relationship between the deponents and the Board existed at the time the statements were made (Doc. Nos. 210 at 11, 222 at 16-17), it bears noting that, provided the subject statements do not themselves constitute hearsay, the parties have the ability to examine these witnesses on the relevant subject matter at trial, and, if necessary, may use the relevant deposition testimony as impeachment testimony, provided that doing so is otherwise permissible under the Federal Rules of Evidence.  Accordingly, Defendants' motion in limine as to the deposition testimony of DelGrande and Sakol will be denied without prejudice.

### G.     Testimony and Evidence Contradictory to State Court Mandamus Opinion

Lastly, Defendants move to preclude "any testimony contrary to the Pennsylvania Supreme Court's [d]ecision that [Plaintiff] resigned her employment." (Doc. No. 210 at 12.) Defendants argue that Plaintiff "should be precluded from offering evidence or testimony contrary to the Pennsylvania Supreme Court's legal finding that she resigned" and that "[b]ased on the opinion of this Court [in disposing of Plaintiffs' breach of contract and due process claims], it has also found that [Plaintiff] resigned." (Id.)  Because, as Defendants maintain, "[t]he conclusion that [Plaintiff] resigned was fundamental to the Pennsylvania Supreme Court's ruling[,]" Plaintiff should be precluded from offering any evidence to the contrary. (Id. at 12-13.)  In opposition, Plaintiff disputes Defendants' statement that this Court "adopted" any conclusion on the part of the state court as to whether Plaintiff resigned, stating that, instead, the Court "simply gave the Pennsylvania Supreme Court's interpretation of state law, specifically its interpretation of the rights afforded to Plaintiff under state law, the deference the law required." (Doc. No. 222 at 20) ("As this Court was reading the Pennsylvania Supreme Court's decision, that decision was based entirely on state law, not based on the Pennsylvania Supreme Court's interpretation of federal law regarding constructive discharge.").

Upon consideration of the record, relevant law, and arguments of the parties, the Court is unpersuaded by Defendants' arguments as to preclusion of evidence or testimony that may contravene the conclusion reached by the state court in Plaintiff's mandamus action.  As a threshold matter, Defendants' request for preclusion of such evidence is broad in nature, as Defendants do not specify what items of evidence would be precluded, were the Court to grant their request. (Doc. Nos. 210 at 12-13, 225 at 7-8.)  Moreover, Defendants mischaracterize this Court's Memorandum addressing Defendants' second motion for summary judgment (Doc. No.

13

187), as concluding that Plaintiff resigned, for the Court specifically noted in that Memorandum that, as it relates to Plaintiff's breach of contract and due process claims, the state court's mandamus ruling was controlling as to the applicability of the Pennsylvania School Code, "a product of Pennsylvania law" (id. at 14-20). Because this Court did not make any determination as to whether Plaintiff resigned, the Court, therefore, rejects Defendants' arguments in support of their request to preclude testimony and evidence they feel contradicts the state court's opinion, provided that such evidence is otherwise admissible at trial. Accordingly, Defendants' motion in limine as to evidence or testimony contradicting the state court's conclusion that Plaintiff resigned will be denied.

## III. CONCLUSION

Based on the foregoing, Defendants' motion (Doc. No. 209), will be granted in part and denied in part. An appropriate Order follows.

                                                  s/ Yvette Kane
                                                  Yvette Kane, District Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania